Magomed Gusein Gasanov (Cal. SBN 368130)
MGG Law, PC
468 N Camden Dr., Ste 208
Beverly Hills, CA 90210
Tel.: (213) 642-9978
Email: gasanov@mgg.law

*Attorney for Petitioner Armen Abrahamyan*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| ARMEN ABRAHAMYAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, Adelanto ICE Processing Center; ERNESTO SANTACRUZ, JR., Field Office Director, Los Angeles Field Office, U.S. Immigration and Customs Enforcement; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of Homeland Security; TODD BLANCHE, Attorney General of the United States, in their official capacities,<br><br>Respondents. | Case No. 5:26-cv-6029<br><br>VERIFIED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241<br><br>A246-904-893 |

# TABLE OF CONTENTS


I. INTRODUCTION ..... 3
II. CUSTODY, JURISDICTION, AND VENUE ..... 3
III. PARTIES ..... 5
IV. EXHAUSTION ..... 5
V. STATEMENT OF FACTS ..... 6
A. Arrival, Initial Custody, and Release (2023) ..... 6
B. Full Compliance with Release Conditions (2023–2026) ..... 7
C. Re-Detention Without Notice or Hearing (September 30, 2026) ..... 8
VI. CLAIM FOR RELIEF: VIOLATION OF PROCEDURAL DUE PROCESS (FIFTH AMENDMENT) ..... 8
A. Petitioner Has a Protected Liberty Interest ..... 9
B. The Mathews Factors Required a Hearing Before Re-Detention ..... 11
C. The Remedy Is Immediate Release on Prior Conditions ..... 13
D. A Limited Permanent Injunction Is Warranted ..... 14
PRAYER FOR RELIEF ..... 15
VERIFICATION BY COUNSEL PURSUANT TO 28 U.S.C. § 2242 ..... 16
EXHIBIT INDEX ..... 17

## I. INTRODUCTION

1. Petitioner Armen Abrahamyan is an asylum applicant from Armenia. In March 2023, Respondents released him from immigration custody into the community. For three and a half years he has complied with every condition of that release.

2. He appeared at every scheduled check-in at the Los Angeles office of ICE Enforcement and Removal Operations. ICE's own reporting receipts record "no new/derogatory information" and "[n]o wants, no warrants." USCIS authorized him to work through March 2029. His asylum case was set for an individual hearing on July 18, 2028; after his re-detention, it was transferred to the Adelanto Immigration Court.

3. On September 30, 2026, Petitioner appeared as directed for his scheduled check-in at 300 North Los Angeles Street. ICE took him into custody. ICE gave him no prior notice and no reason, identified no change in circumstances, and gave him no opportunity to be heard before a neutral decisionmaker. He is now confined at the Adelanto ICE Processing Center.

4. The Due Process Clause of the Fifth Amendment does not allow the government to revoke a person's conditional liberty this way. Petitioner asks the Court to restore the status quo ante by ordering his immediate release on the conditions that governed him before September 30, 2026. He also asks the Court to bar re-detention without notice and a pre-deprivation hearing.

## II. CUSTODY, JURISDICTION, AND VENUE

5. Petitioner is in Respondents' physical custody at the Adelanto ICE Processing Center, 10250 Rancho Road, Adelanto, California 92301. He is "in custody under or by color of the authority of the United States" and "in violation of the Constitution." 28 U.S.C. § 2241(c)(1), (3).

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 2241, 28 U.S.C. § 1331, and Article I, § 9, cl. 2 of the Constitution (the Suspension Clause).

Federal courts have habeas jurisdiction to review the lawfulness of civil immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001); *Demore v. Kim*, 538 U.S. 510, 516–17 (2003).

7. No provision of 8 U.S.C. § 1252 strips jurisdiction over this petition. Petitioner does not challenge a removal order, the decision to commence proceedings, or the execution of a removal order. He challenges only the constitutionality of his present detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 292–95 (2018) (plurality) (§ 1252(b)(9) does not bar detention challenges); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (§ 1252(g) is limited to three discrete actions). Section 1226(e) likewise does not bar constitutional claims. *Demore*, 538 U.S. at 516–17. And although DHS's authority to revoke parole is discretionary, courts retain jurisdiction over constitutional challenges to its exercise. *Hassan v. Chertoff*, 593 F.3d 785, 789 (9th Cir. 2010); *Isiev v. Santacruz*, No. 5:26-cv-1033-CV (DFM), Dkt. 10 at 4–5 (C.D. Cal. Mar. 12, 2026).

8. The Court may grant declaratory and injunctive relief ancillary to the writ under 28 U.S.C. §§ 2201–02 and 2243, and the All Writs Act, 28 U.S.C. § 1651. Petitioner asks that any order to show cause under § 2243 direct Respondents to identify the statutory provision they contend authorizes his detention, state any condition of release he allegedly violated, and lodge the arrest warrant, Form I-213, and any record of the decision to revoke his release. *See Asihene v. Blanche*, No. 2:26-cv-01249, 2026 U.S. Dist. LEXIS 170211 (D. Nev. July 31, 2026); *Shire v. ICE*, 2026 U.S. Dist. LEXIS 176288 (D. Nev. Aug. 7, 2026).

9. Venue is proper in this District because Petitioner is confined in San Bernardino County, within the Central District of California. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); 28 U.S.C. § 1391(e). The Eastern Division is the proper division because Adelanto lies in San Bernardino County.

## III. PARTIES

10. Petitioner Armen Abrahamyan, A246-904-893, is a native and citizen of Armenia born in 1990. He is detained at the Adelanto ICE Processing Center.

11. Respondent Warden of the Adelanto ICE Processing Center is Petitioner's immediate physical custodian and is named in his or her official capacity.

12. Respondent Ernesto Santacruz, Jr. is the Field Office Director of the Los Angeles Field Office of U.S. Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations, which has administrative jurisdiction over Petitioner's detention. He is a legal custodian of Petitioner and is named in his official capacity.

13. Respondent David J. Venturella is the Acting Director of ICE. He is a legal custodian of Petitioner and is named in his official capacity.

14. Respondent Markwayne Mullin is the Secretary of Homeland Security. He is responsible for the administration of the immigration laws and is a legal custodian of Petitioner. He is sued in his official capacity.

15. Respondent Todd Blanche is the Attorney General of the United States. He oversees the Executive Office for Immigration Review, including the Immigration Courts and the BIA, and is named in his official capacity.

## IV. EXHAUSTION

16. No statute requires exhaustion before a § 2241 petition challenging immigration detention. Any exhaustion requirement is prudential, and the Court may waive it where administrative remedies are inadequate or futile, or where requiring exhaustion would cause irreparable injury. *Laing v. Ashcroft*, 370 F.3d 994, 998, 1000 (9th Cir. 2004); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).

17. No adequate administrative remedy exists. DHS designated Petitioner an "arriving alien" on the Notice to Appear (¶ 22). Immigration judges lack jurisdiction to redetermine custody of arriving aliens. 8 C.F.R. § 1003.19(h)(2)(i)(B).

The Board of Immigration Appeals has held that a noncitizen apprehended at entry and later released remains subject to detention under 8 U.S.C. § 1225(b) and is ineligible for bond. *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025); *see also Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

18. No regulation provides an administrative appeal from ICE's revocation of release or termination of parole. *See* 8 C.F.R. §§ 212.5(e), 236.1(c)(9). Neither an immigration judge nor the Board can adjudicate the constitutional claim raised here.

19. Requiring exhaustion would also cause irreparable injury. Each day of unconstitutional confinement is a loss of liberty that cannot be restored after the fact.

## V. STATEMENT OF FACTS

### A. Arrival, Initial Custody, and Release (2023)

20. Petitioner is a native and citizen of Armenia, born in 1990. Ex. A at 1.

21. On January 26, 2023, Petitioner applied for admission at the San Ysidro Port of Entry. Ex. A at 1 (Allegation 3).

22. On January 27, 2023, U.S. Customs and Border Protection issued a Notice to Appear (Form I-862). It designated Petitioner an "arriving alien" and charged him as inadmissible under INA § 212(a)(7)(A)(i)(I). Ex. A at 1, 4. DHS placed him in full removal proceedings under INA § 240, not expedited removal, and served the NTA in person that day. Ex. A at 1–2.

23. The same day, CBP issued a Warrant for Arrest of Alien (Form I-200). The warrant is addressed to officers authorized "pursuant to sections 236 and 287" of the INA. It commands Petitioner's arrest "for removal proceedings." Ex. B.

24. On January 28, 2023, Petitioner was booked into the Otay Mesa Detention Center. Ex. C. The immigration court docketed his case on January 30, 2023. Ex. I.

25. On March 7, 2023, ICE released Petitioner. ICE's Notice to EOIR: Alien Address (Form I-830E) records his release "from ICE custody" on the condition "PAROLE WITH ATD," to 6650 Varna Avenue, Van Nuys, California 91404. Ex.

D. ICE certified that it gave Petitioner Form EOIR-33 and advised him to report any change of address. *Id.*

26. On March 21, 2023, ICE issued Form I-220A, Order of Release on Recognizance. Ex. E. Its Personal Report Record directed Petitioner to report to ICE's non-detained unit, 7th floor, on September 29, 2023. *Id.*

27. ICE's records thus describe the March 2023 release both as "parole with ATD" (Ex. D) and as release on recognizance under Form I-220A (Ex. E). Release conditions included enrollment in Alternatives to Detention and periodic in-person reporting.

**B. Full Compliance with Release Conditions (2023–2026)**

28. From his release in March 2023 until his re-detention, Petitioner reported to ICE as directed at every scheduled check-in, including in-person reports at ICE's office at 300 North Los Angeles Street. Exs. E–G. He complied with every condition of his release.

29. The reporting receipts available to counsel confirm that record. At each report, ICE verified Petitioner's identity, recorded "no new/derogatory information" and "[n]o wants, no warrants," and set his next reporting date. Exs. F, G.

30. Petitioner's remaining release and reporting documents are with him at the Adelanto ICE Processing Center and are not presently accessible to counsel. Petitioner will supplement the record as those documents become available.

31. After his release, Petitioner applied for asylum and withholding of removal. That application remains pending.

32. On March 14, 2024, USCIS approved Petitioner's application for employment authorization under category (c)(8), which applies to noncitizens with pending asylum applications. 8 C.F.R. § 274a.12(c)(8). The authorization is valid from March 13, 2024 through March 12, 2029. Ex. H.

33. Since his release, Petitioner has lived and worked peacefully in the community under federal employment authorization.

34. Before his re-detention, Petitioner's removal proceedings were pending before the Van Nuys Immigration Court, with an in-person individual hearing set for July 18, 2028 before Immigration Judge Paul N. Medved.

35. Since his release, Petitioner has never been arrested, charged, or convicted of any offense.

**C. Re-Detention Without Notice or Hearing (September 30, 2026)**

36. On September 30, 2026, Petitioner appeared as directed for his scheduled check-in at ICE Enforcement and Removal Operations, 300 North Los Angeles Street, Los Angeles, California. ICE officers took him into custody at the check-in.

37. Before the arrest, ICE gave Petitioner no written notice that his parole was terminated or his release revoked. ICE gave no statement of reasons and no opportunity to respond.

38. ICE identified no violation of release conditions, no new criminal history, and no other change in circumstances. None exists. *See* ¶¶ 28–35.

39. On September 30, 2026, ICE transferred Petitioner to the Adelanto ICE Processing Center, where he remains.

40. Petitioner's removal case has since been transferred to the Adelanto Immigration Court. Ex. I. No neutral decisionmaker has reviewed his re-detention, and no such review is scheduled.

## VI. CLAIM FOR RELIEF: VIOLATION OF PROCEDURAL DUE PROCESS (FIFTH AMENDMENT)

41. Petitioner incorporates paragraphs 1 through 40.

42. The Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law." Its protection extends to every person in the United States, "including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. "Freedom from imprisonment . . . lies at the heart of the liberty that Clause protects." *Id.* at 690. A

procedural due process claim proceeds in two steps: whether the petitioner holds a protected liberty interest, and, if so, what procedures are required before the government may deprive him of it. *Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022); *G.A. v. Santacruz*, No. 5:26-cv-05538-RAO, Dkt. 11 at 2–3 (C.D. Cal. Oct. 9, 2026). Respondents deprived Petitioner of a protected liberty interest without notice and without a pre-deprivation hearing (¶¶ 36–40).

**A. Petitioner Has a Protected Liberty Interest**

43. A person released from custody on conditions holds a liberty interest that "includes many of the core values of unqualified liberty," and its termination "inflicts a grievous loss." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). That interest cannot be revoked without notice and a hearing. *Id.* at 485–89; *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *Young v. Harper*, 520 U.S. 143, 147–49 (1997).

44. Courts in this Circuit apply these principles to noncitizens whom ICE released and then re-arrested. *See Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969–70 (N.D. Cal. 2019); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (release creates "an implicit promise" that liberty will be revoked only for violation of its conditions (quoting *Morrissey*, 408 U.S. at 482)). Courts in this District now consistently find a protected liberty interest on such facts. *G.A.*, Dkt. 11 at 3; *Khushvaktov v. Santacruz*, No. 5:26-cv-04539-AJR, Dkt. 11 at 6–7 (C.D. Cal. Aug. 24, 2026); *Bekhoev v. Marin*, No. 5:26-cv-00206-RAO, Dkt. 25 at 7–9 (C.D. Cal. Apr. 28, 2026). That interest does not lapse when a parole document expires. *Bekhoev*, Dkt. 25 at 8 n.2.

45. Petitioner holds that interest. ICE released him in March 2023, and for three and a half years he lived and worked peacefully in the community under federal work authorization valid through 2029, complying with every condition of release (¶¶ 25–35). *See Bekhoev*, Dkt. 25 at 8–9. His presence was also contemplated by statute: Congress authorizes employment for asylum applicants while their claims are pending, 8 U.S.C. § 1158(d)(2), and excludes that time from unlawful presence,

8 U.S.C. § 1182(a)(9)(B)(iii)(II). USCIS's issuance of a C08 work permit reflects that his application is neither frivolous nor abandoned (¶ 32). *Khushvaktov*, Dkt. 11 at 6 n.1 (citing 8 C.F.R. § 208.7); *see Vilela v. Robbins*, 813 F. Supp. 3d 1144, 1153 (E.D. Cal. 2025).

46. *DHS v. Thuraissigiam*, 591 U.S. 103 (2020), does not change this result. *Thuraissigiam* addressed what process a noncitizen apprehended near the border receives regarding his application for admission. It did not address the physical re-detention of a person whom DHS released into the interior and placed in § 240 proceedings for more than three years (¶¶ 22, 25–35). Petitioner does not seek admission through this petition; he challenges the government's withdrawal, without process, of liberty the government itself conferred. Courts in this District have granted relief to noncitizens inspected at San Ysidro and paroled, over the government's argument that they remained "arriving aliens" not entitled to a hearing. *Isiev*, Dkt. 10 at 4–9 (ordering release); *Isiev*, Dkt. 14 (C.D. Cal. Apr. 1, 2026) (preliminary injunction).

47. ICE's own documents show that Petitioner was arrested on a warrant issued under INA § 236 (¶ 23) and released on Form I-220A (¶ 26). Release on recognizance is a form of "conditional parole" under 8 U.S.C. § 1226(a)(2)(B). ICE may revoke such release, 8 U.S.C. § 1226(b); 8 C.F.R. § 236.1(c)(9), but that authority operates within the Constitution's limits. Re-arrest of a released noncitizen generally requires a material change in circumstances. *See Matter of Sugay*, 17 I&N Dec. 637, 640 (BIA 1981); *Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021).

48. If the March 2023 release was instead parole under 8 U.S.C. § 1182(d)(5)(A), as Form I-830E states (¶ 25), DHS's regulations allow termination only "upon written notice to the alien." 8 C.F.R. § 212.5(e)(2)(i). ICE gave no such notice (¶ 37). An agency must follow its own regulations. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954).

49. The label does not change the constitutional analysis. Under either characterization, the government conferred conditional liberty on Petitioner and he relied on it for three and a half years. Any inconsistency in the record is the government's own (¶ 27).

**B. The *Mathews* Factors Required a Hearing Before Re-Detention**

50. The process due before a deprivation of liberty is determined by balancing (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the government's interest, including the burden of additional procedures. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The Ninth Circuit applies *Mathews* to immigration detention. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022). Ordinarily, due process requires a hearing *before* the deprivation occurs. *Zinermon v. Burch*, 494 U.S. 113, 127, 132 (1990). Each factor weighs in Petitioner's favor.

51. The private interest is at its weightiest. The interest at stake is freedom from physical confinement, "the core of the liberty protected by the Due Process Clause." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992); *Zadvydas*, 533 U.S. at 690. Here it is liberty the government already granted and on which Petitioner relied for three and a half years (¶ 45). Detention also impairs his ability to pursue his pending asylum case, and his own immigration documents are with him in detention, beyond the reach of counsel (¶¶ 30–31, 40).

52. The risk of erroneous deprivation is at its highest because ICE used no procedure at all. *Morrissey* sets the floor for revoking conditional liberty: written notice of the claimed violation, disclosure of the evidence, an opportunity to be heard before a neutral decisionmaker, and a written statement of reasons. 408 U.S. at 489. Petitioner received none of them (¶¶ 37, 40).

53. The record shows no basis for detention. ICE's own receipts confirm his compliance and the absence of any derogatory information (¶¶ 28–29). He has no

arrests (¶ 35). He has a pending asylum application and every incentive to pursue it (¶¶ 31–32). Civil immigration detention is justified only to prevent flight or danger. *Zadvydas*, 533 U.S. at 690. ICE's decision to release Petitioner necessarily reflected its judgment that he presented neither, *Rasulov v. Santacruz*, No. 5:26-cv-01815-AJR, Dkt. 12 at 6 & n.1 (C.D. Cal. Apr. 22, 2026); *Isiev*, Dkt. 10 at 7, and nothing has changed since (¶ 38).

54. The value of the missing safeguard is correspondingly high. Written notice and a hearing before a neutral decisionmaker, at which the government must justify detention, would have prevented this deprivation. And no post-deprivation hearing can cure the violation, for three independent reasons.

55. First, the deprivation was planned, not random. ICE set the check-in date in advance and arrested Petitioner when he appeared as directed (¶¶ 28, 36). Where a deprivation is predictable and pre-deprivation process is feasible, post-deprivation process does not satisfy due process. *Zinermon*, 494 U.S. at 136–39 (distinguishing *Parratt v. Taylor*, 451 U.S. 527 (1981), and *Hudson v. Palmer*, 468 U.S. 517 (1984)); *see Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). A hearing may be postponed only in extraordinary situations demanding very prompt action, *Fuentes v. Shevin*, 407 U.S. 67, 82, 90–92 (1972), and a routine scheduled check-in is the opposite of one.

56. Second, liberty lost to confinement cannot be restored after the fact. Each day in Adelanto is a completed injury that no later hearing can undo.

57. Third, no post-deprivation hearing is available. Respondents' position is that immigration judges cannot review the custody of arriving aliens (¶ 17). Petitioner has been detained since September 30, 2026 without review of any kind (¶ 40), and post-deprivation relief would risk leaving him detained indefinitely without process. *See Bekhoev*, Dkt. 25 at 10 (citing *Juarez Fernandez v. Semaia*, No. CV 25-3412-SPG (MBK), 2026 WL 136229, at *6 (C.D. Cal. Jan. 13, 2026)).

58. The government's interest, by contrast, is minimal. Its legitimate interests are ensuring Petitioner's appearance and protecting the community, and his existing release conditions served both for three and a half years (¶¶ 28–35). Nothing has changed (¶ 38). The government has no legitimate interest in detaining a person who presents neither a flight risk nor a danger. *Zadvydas*, 533 U.S. at 690–91.

59. The burden of additional process is slight. Petitioner was already in ICE's office on a date ICE chose. Custody hearings are routine and impose minimal cost. *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025); *G.A.*, Dkt. 11 at 3–4. Continued supervision under Alternatives to Detention also costs less than detention.

**C. The Remedy Is Immediate Release on Prior Conditions**

60. All three *Mathews* factors favor Petitioner, and his re-detention without notice or a pre-deprivation hearing violates the Due Process Clause. Habeas relief aims to put the petitioner back where he would have been absent the violation. *Lujan v. Garcia*, 734 F.3d 917, 935 (9th Cir. 2013). Here that is immediate release on the conditions in effect before September 30, 2026. A bond hearing held now would not cure the violation; it would ratify the unlawful arrest and shift to Petitioner, from inside a detention facility, the burden the government never carried. Courts in this District so hold. *Khushvaktov*, Dkt. 11 at 8–9 (release restores "the last uncontested status," and a post hoc bond hearing cannot cure an invalid re-detention; collecting cases); *G.A.*, Dkt. 11 at 4; *Bekhoev*, Dkt. 25 at 11. That is especially so where, as here, the petitioner was inspected at the border and released by ICE rather than having entered without inspection. *Isiev*, Dkt. 10 at 9; *see* ¶¶ 21–26.

61. To prevent recurrence, any future re-detention should be preceded by at least seven days' written notice stating the specific condition of release Petitioner allegedly violated and the supporting facts, and a pre-deprivation bond hearing before an immigration judge. At that hearing the government should bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or a

danger and that no condition or combination of conditions could reasonably assure his appearance and the community's safety. *See Khushvaktov*, Dkt. 11 at 10, 12; *Isiev*, Dkt. 14 at 5.

**D. A Limited Permanent Injunction Is Warranted**

62. Habeas relief is not limited to discharge from custody; the Court may dispose of the matter "as law and justice require." 28 U.S.C. § 2243; *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968); *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). A permanent injunction issues where the petitioner shows (1) irreparable injury; (2) that remedies at law are inadequate; (3) that the balance of hardships favors equitable relief; and (4) that the public interest would not be disserved. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Where the government opposes relief, the last two factors merge. *Garcia v. County of Alameda*, 150 F.4th 1224, 1234 (9th Cir. 2025).

63. Each factor is met. Petitioner has suffered irreparable injury through detention in violation of due process (¶¶ 36–40), and the risk of repetition is concrete. Release returns him to scheduled check-ins at the office where he was seized, which expose him to more risk of re-detention than the average person. *Matta v. Noem*, 2026 U.S. Dist. LEXIS 95844, at *5 (C.D. Cal. Apr. 29, 2026); *see Ramirez v. Mullin*, 2026 U.S. Dist. LEXIS 186848 (C.D. Cal. Aug. 17, 2026). Damages cannot cure a deprivation of liberty, and the right to a pre-deprivation hearing can be enforced only before re-arrest. *Cu v. Marin*, 2026 U.S. Dist. LEXIS 113202, at *3 (C.D. Cal. May 21, 2026) (quoting *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1056 (N.D. Cal. 2021)). Requiring basic process before any future re-detention imposes little burden; the alternative forces Petitioner to suffer detention again and seek habeas relief anew. *Khushvaktov*, Dkt. 11 at 10–11.

64. The relief is narrow. It runs to Petitioner alone and does not bar re-detention; it requires only notice and a hearing first. *See United States v. Mendoza*, 464 U.S. 154, 162 (1984); *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 767

(1994). Courts in this District have rejected the argument that prospective relief is inappropriate in immigration habeas. *Khushvaktov*, Dkt. 11 at 11 (citing *Huy Cu v. Marin*, 2026 WL 1427009, at *1–3 (C.D. Cal. May 21, 2026), and *Araujo-Contreras v. Janecka*, 2026 WL 1625368, at *1–4 (C.D. Cal. June 3, 2026)); *G.A.*, Dkt. 11 at 4; *Isiev*, Dkt. 14 at 5–6.

**PRAYER FOR RELIEF**

Petitioner respectfully asks the Court to:

(1) Assume jurisdiction over this matter;

(2) Order Respondents to show cause within three days why the writ should not be granted, and to identify the statutory provision they contend authorizes Petitioner's detention, state any condition of release he allegedly violated, and lodge the arrest warrant, Form I-213, and any record of the decision to revoke his release, 28 U.S.C. § 2243;

(3) Declare that Respondents' re-detention of Petitioner without notice and a pre-deprivation hearing violates the Due Process Clause of the Fifth Amendment;

(4) Issue a writ of habeas corpus ordering Respondents to release Petitioner immediately, subject only to the conditions of release in effect before September 30, 2026, to return his documents and property upon release, and to file a notice of compliance within two business days of release;

(5) Permanently enjoin Respondents from re-detaining Petitioner without (a) at least seven days' written notice stating the specific condition of release he allegedly violated and the supporting facts, and (b) a pre-deprivation bond hearing before an immigration judge, at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure his appearance and the community's safety;

(6) Order Respondents not to transfer Petitioner outside the Central District of California while this petition is pending;

(7) Award reasonable attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(8) Grant any other relief the Court deems just and proper.

Dated: October 9, 2026

Respectfully submitted,

/s/ Magomed Gusein Gasanov
Magomed Gusein Gasanov
MGG Law, PC
Attorney for Petitioner

**VERIFICATION BY COUNSEL PURSUANT TO 28 U.S.C. § 2242**

I, Magomed Gusein Gasanov, declare as follows:

1. I am an attorney admitted to practice in California and before this Court. I represent Petitioner Armen Abrahamyan in this matter.

2. I submit this verification on Petitioner's behalf, as 28 U.S.C. § 2242 permits, because he is detained at the Adelanto ICE Processing Center. Obtaining his signature before filing would delay relief from ongoing detention.

3. I have read the foregoing Verified Petition for Writ of Habeas Corpus.

4. The factual statements in the Petition are based on (a) my review of the documents attached as Exhibits A through I; (b) my communications with Petitioner's family; and (c) the Executive Office for Immigration Review's Automated Case Information system.

5. Exhibits A through I are true and correct copies of documents provided to me by Petitioner's family, or printed from the EOIR Automated Case Information system, as identified in the Exhibit Index. Petitioner's remaining immigration documents are with him at the Adelanto ICE Processing Center and are not presently accessible to me.

6. Based on that review and those communications, the facts stated in the Petition are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on October 9, at Beverly Hills, California.

/s/ Magomed Gusein Gasanov
Magomed Gusein Gasanov

**EXHIBIT INDEX**

| Ex. | Document | Date | Cited at |
|---|---|---|---|
| A | Notice to Appear (Form I-862) with continuation page and certificate of service | Jan. 27, 2023 | ¶¶ 20–22 |
| B | Warrant for Arrest of Alien (Form I-200) | Jan. 27, 2023 | ¶ 23 |
| C | Otay Mesa Detention Center property receipt | Jan. 28, 2023 | ¶ 24 |
| D | Notice to EOIR: Alien Address (Form I-830E) | Mar. 7, 2023 | ¶ 25 |
| E | Form I-220A, Order of Release on Recognizance (continuation page with Personal Report Record) | Mar. 21, 2023 | ¶¶ 26–28 |
| F | ICE reporting receipt (I-220R) | Sept. 29, 2023 | ¶¶ 28–29 |
| G | ICE reporting receipt (I-220R) | Sept. 30, 2024 | ¶¶ 28–29 |
| H | USCIS Form I-797 approval notice, Form I-765, category C08 | Mar. 14, 2024 | ¶ 32 |
| I | EOIR Automated Case Information printout | October 9, 2026 | ¶¶ 24, 40 |