**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ARMEN ABRAHAMYAN,

Petitioner,

v.

ERNESTO SANTACRUZ, et al.,

Respondents.

**CASE NO.** 5:26-CV-06029-CTS

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

On October 13, 2026, Petitioner Armen Abrahamyan ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") in Adelanto, California and being held in violation of the Constitution and laws of the United States. (*See generally id.*) The same day, Respondents were served with the Court's Notice of General Order 26-05 and Briefing Schedule, pursuant to which Respondents' Notice of Appearance was due October 16, 2026, and their Answer was due October 20, 2026. (ECF No. 4.) Respondents timely filed a Notice of Appearance (ECF No. 6), but have not answered or otherwise responded to the Petition.

The Court understands that Respondents' lack of response is a deliberate choice and not inadvertent. "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (internal quotation omitted). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (alteration in original) (internal quotation omitted). Indeed, the Supreme Court recently reminded the lower courts that they are "essentially passive instruments of government" and thus "points not argued will not be considered." *Margolin v. Nat'l Ass'n of Immigr. Judges*, 608 U.S. 339, 342 (2026) (citations and quotation marks omitted). On the absence of any responsive opposition alone, this Court may grant the Petition.

The Court incorporates the facts as set forth in the unopposed Petition regarding Petitioner's background and immigration history and does not repeat them here. (*See generally* Pet.) Having reviewed the facts, the Court is satisfied that the Petition sets forth a claim that Petitioner, having been released on an Order of Release on Recognizance and supervised by ICE through the Alternatives to Detention Program for years, had a protected liberty interest in his continued freedom from custody, and that his re-detention—without prior notice or a meaningful opportunity to be heard—violated due process and merits relief. (Pet. ¶¶ 41–64.) *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); *Perez Bueno v. Janecka*, No. 5:25-CV-03376-CAS-BFM, 2026 WL 309934, at *3 (C.D. Cal. Feb. 5, 2026).

Petitioner seeks, *inter alia*, immediate release from custody and injunctive relief preventing Respondents from re-detaining him without (a) at least seven

days' written notice stating the specific condition of release he allegedly violated and the supporting facts, and (b) a pre-deprivation bond hearing before an immigration judge, at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure his appearance and the community's safety. (*Id.* at 15.) Based on the Court's review of the Petition and in light of Respondents' decision not to oppose the relief sought, IT IS THEREFORE ORDERED THAT:

1. Judgment shall be entered GRANTING the unopposed Petition;
2. Respondents MUST RELEASE **Petitioner Armen Abrahamyan (A 246-904-893)** from custody within 24 hours of entry of this Order;
3. Respondents are ENJOINED from re-detaining Petitioner without (a) at least seven days' written notice stating the specific condition of release he allegedly violated and the supporting facts, and (b) a pre-deprivation bond hearing before an immigration judge, at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure his appearance and the community's safety.

DATED: October 21, 2026

CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE